**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CLUB CAR, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>TEKO INC. D/B/A TEKOEV INC. and<br>ZHEJIANG TAOTAO VEHICLES CO. LTD.<br><br>    Defendants. | Civil Action No: 2:26-cv-00526<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CLUB CAR, LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Club Car, LLC ("Plaintiff" or "Club Car") files this Complaint for patent infringement against Defendants Teko Inc. d/b/a TekoEV Inc. ("Teko") and Zhejiang Taotao Vehicles Co. Ltd. ("Taotao") (collectively, "Defendants"), and, in support thereof, alleges as follows:

1.      Defendants have demonstrated an intentional and ongoing pattern of infringement of Club Car's intellectual property across the full spectrum of its product offerings.  As set forth in detail herein, this includes infringement of Club Car patents relating to the operation and design of its novel electric and gas vehicles, and their accessories.  Upon information and belief, Defendants' vehicle business is focused almost entirely on misappropriating Club Car's intellectual property in an attempt to compete with Club Car's industry leading products.  Club Car has and will enforce its duly issued intellectual property so that this conduct does not continue.

**THE PARTIES**

2.      Plaintiff Club Car, LLC is a limited liability corporation organized under the laws

1

of Delaware, with its principal place of business at 4125 Washington Road, Evans, GA 30809.

3.      Upon information and belief, Defendant Teko Inc. is a Delaware corporation with its principal place of business at 2221 Luna Rd, Carrollton, TX 75006.  Defendant Teko Inc. may be served with process via its registered agent, Jiansong Huang at 2221 Luna Rd, Carrollton, TX 75006, or as otherwise authorized under applicable law.

4.      Upon information and belief, Defendant Zhejiang Taotao Vehicles Co. Ltd. is a Chinese company with its principal place of business at No. 10 Xinyuan Road, Xinbi Street, Jinyun County, Lishui, Zhejiang Province, China. Upon information and belief, Taotao can be served with process via its chairman and president Mr. Matao Cao at 2221 Luna Rd., Carrollton, TX 75006.

5.      Upon information and belief, Teko and Denago EV Corporation ("Denago") are wholly owned subsidiaries of Taotao.

6.      Upon information and belief, Defendants have regular and established places of business throughout Texas and in this District, including at 3900 W. Plano Pkwy., Plano, TX 75075.

## JURISDICTION AND VENUE

7.      This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including 35 U.S.C. § 271.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.*

9.      This court has personal jurisdiction over Teko, and venue is proper in this District, because Teko has regular and established places of business located within this District,

2

including at 3900 W. Plano Pkwy., Plano, TX 75075 and because Teko actively and regularly conducts business within the State of Texas and within this District.

10.     This court has personal jurisdiction over TaoTao because Taotao is a foreign entity who has directed actions toward Texas and purposefully available itself of the rights and benefits of Texas law by engaging in systematic and continuous contacts with Texas.

11.     Upon information and belief, direct infringement is occurring within the State of Texas and this District through Defendants' importation/manufacture/assembly of the "Turbo," "TurboLite," "Trophy Plus," and other similar products from the Teko EV line (collectively, the "Accused EVs") at their warehouse located in Plano, Texas.

12.     Upon information and belief, Taotao makes and imports substantially infringing components of Teko products sold in the United States, including the Accused EVs.

13.     Further, upon information and belief, direct or indirect infringement is occurring within the State of Texas and this District through Defendants' sale of, offers to sell, and distribution of the Accused EVs and the "Teko EV Clamp" (collectively with the Accused EVs, the "Accused Products") through dealerships within the State of Texas and this District.

14.     Teko conducts business operations in the State of Texas and in this District through its affiliated dealers and distributors. Venue as to Teko is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

15.     Taotao is a foreign entity not residing in the United States and subject to personal jurisdiction in this judicial district. Venue is proposed in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

### A.     History of Club Car

16.     Club Car is an industry leader in the development and sale of golf carts.  Designed

3

and assembled in the United States, Club Car's electric and gas golf carts, personal transportation vehicles, and utility vehicles offer top notch quality and unparalleled versatility. By fusing automotive-quality materials with dynamic power options and sleek designs, each vehicle delivers the experience expected from the best carts in the industry.



17.     Club Car vehicles, such as its Onward® line shown above, revolutionized the industry, particularly with respect to consumer vehicles.   They can be built to customer specifications and preferences with completely customizable options including color, seats, wheels, windshields, canopies, and everything in between.   They also offer superior durability, comfort, stability and handling, and unprecedented power.

18.     Club Car makes every attempt to protect its intellectual property rights, to protect its reputation, and to protect its customers from confusion in the marketplace associated with these innovative products.   In connection with its research and development efforts, Club Car has developed groundbreaking inventions for its vehicles and accessories.   These inventions are currently protected by multiple United States patents, including U.S. Patent No. 12,539,795 (the "'795 Patent") and U.S. Patent No. 9,371,096 (the "'096 Patent) (collectively, the "Asserted Patents").

19.    Club Car owns all right, title, and interest in and to the Asserted Patents.

20.    Club Car makes, distributes, offers to sell, and sells products, including Onward personal transport vehicles, Tempo and Precedent golf fleet cars, and Carryall and XRT utility vehicles that incorporate Club Car's intellectual property, including the inventions that are claimed in the Asserted Patents and Club Car's other utility and design patents.

**B.    The Accused Products**

21.    On information and belief, Teko began in 2020 as a small-scale electric vehicle sales operation.

22.    On information and belief, Defendants manufacture all, or substantially all, of their carts in China.  They then assemble the golf carts at their warehouse located in Plano, Texas.

23.    Today, Teko assembles and sells a number of street-legal carts including at least the Accused EVs, examples of which are shown below.



Turbo



Turbolite



Trophy Plus

24.     Teko also assembles and sells cart accessories, including at least the Teko EV Clamp, examples of which are shown below.



 

6

25.     The vehicles and clamps shown above and other similar products from the Teko line are, collectively, the Accused Products in this action.

**C.     Defendants' Knowledge of the Asserted Patents**

26.     Upon information and belief, Defendants monitor Club Car's patents and patent applications and have been aware of the Asserted Patents since prior to the filing of this Complaint.

27.     Taotao has been on specific notice of the '096 Patent at least since June 13, 2025, when Club Car filed suit against its subsidiary. Denago for infringement of the '096 Patent relating to a substantially similar product.

**D.     Defendants' Infringement of the '795 Patent**

28.     The '795 Patent, entitled "PERSONAL TRANSPORTATION VEHICLE WITH PIVOTING SEAT AND CARGO BAY" with named inventors David R. Gregory Harris McGraw, William David Reeves, Jr., and Joseph Mark Butler, was duly and legally issued to Club Car, LLC on February 3, 2026.  A true and accurate copy of the '795 Patent is attached here as Exhibit A.

29.     The Accused EVs infringe one or more claims of the '795 Patent, including at least each and every element of Claim 1 either literally or under the doctrine of equivalents, as set forth below and in the claim chart attached as Exhibit B.

30.     Claim 1 of the '795 Patent recites:

1.  A personal utility vehicle comprising:

a chassis having a motive source, a steering mechanism, and, a plurality of wheels;

a platform supported by the chassis; and

a seat having a seat bottom and a seat back, wherein the seat bottom is movable with respect to the seat back, from a first position in which the seat bottom cooperates with the seat back to define a seating area, to a second position where the seat bottom and the platform define a portion of a surface of a cargo bay, wherein the platform includes a movable portion bounded by an outer fixed portion positioned around the movable portion.

31. The Accused EVs either literally or equivalently comprise a personal utility vehicle. *See* Ex. B at B-1.

32. The vehicle of the Accused EVs either literally or equivalently comprises a chassis having a motive source, a steering mechanism, and, a plurality of wheels. *See* Ex. B at B-2-B-4.

33. The vehicle of the Accused EVs either literally or equivalently comprises a platform supported by the chassis. *See* Ex. B at B-5.

34. The vehicle of the Accused EVs either literally or equivalently comprises a seat having a seat bottom and a seat back, wherein the seat bottom is movable with respect to the seat back, from a first position in which the seat bottom cooperates with the seat back to define a seating area, to a second position where the seat bottom and the platform define a portion of a surface of a cargo bay, wherein the platform includes a movable portion bounded by an outer fixed portion positioned around the movable portion. *See* Ex. B at B-6-B-9.

E.    **Defendants' Infringement of the '096 Patent**

35. The '096 Patent, entitled "SYSTEM AND APPARATUS FOR UTILITY VEHICLE ACCESSORY MOUNTING," with named inventors Steven P. Hoston, Dean J. Long, Jospeh A. Cuadra, Jr., Nick L. Arndt, and Samuel R. Lyons, was duly and legally issued to Club

Car on June 21, 2016.  A true and accurate copy of the '096 Patent is attached hereto and incorporated by reference as Exhibit C.

36.    The Teko EV Clamp infringes one or more claims of the '096 Patent, including at least each and every element of Claim 11 either literally or under the doctrine of equivalents, as set forth below and in the claim chart attached at Exhibit D.

37.    Claim 11 of the '096 Patent recites:

11. A clamping device for use in a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the clamping device, comprising:

a handle, a body, a clamping mechanism with a plurality of fingers, and a pull rod interconnecting the handle, body, and clamping mechanism;

wherein the clamping mechanism is sized and shaped to be inserted into the clamping device engagement interface, and once within the clamping device engagement interface, the handle actuated such that the plurality of fingers bears against the device engagement interface, wherein the clamping mechanism further includes a back side and the plurality of fingers includes a first finger positioned above a second finger;

wherein the first finger comprises a first arm extending from the back side, a first leg substantially parallel to the back side extending from the first arm, and a first lip extending toward the back side from the first leg;

wherein the second finger comprises a second arm extending from the back side, a second lip substantially parallel to the back side extending from the second arm; and

wherein the first leg and the second lip are substantially coplanar.

38. The Teko EV Clamp either literally or equivalently comprises a clamping device for use in a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the clamping device.  *See* Ex. D at D-1.

39. The Teko EV Clamp either literally or equivalently comprises a handle, a body, a clamping mechanism with a plurality of fingers, and a pull rod interconnecting the handle, body, and clamping mechanism.  *See* Ex. D at D-2.

40. The Teko EV Clamp either literally or equivalently comprises a clamping mechanism sized and shaped to be inserted into the clamping device engagement interface, and once within the clamping device engagement interface, the handle is actuated such that the plurality of fingers bears against the device engagement interface.  *See* Ex. D at D-3.

41. The clamping mechanism of the Teko EV Clamp further includes a back side and the plurality of fingers includes a first finger positioned above a second finger.  *See* Ex. D at D-4.

42. The first finger of the Teko EV Clamp either literally or equivalently comprises a first arm extending from the back side, a first leg substantially parallel to the back side extending from the first arm, and a first lip extending toward the back side from the first leg.  *See* Ex. D at D-5.

43. The second finger of the Teko EV Clamp either literally or equivalently comprises a second arm extending from the back side, a second lip substantially parallel to the back side extending from the second arm.  *See* Ex. D at D-6.

44. The Teko EV Clamp either literally or equivalently comprises a first leg and second lip that are substantially coplanar.  *See* Ex. D at D-7.

10

## COUNT I – INFRINGEMENT OF THE '795 PATENT

45.    Club Car incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully here.

46.    Club Car is the owner of the '795 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '795 Patent against infringers, and to collect damages for all relevant times.

47.    As evidenced by the claim chart attached hereto as Exhibit B, Defendants have directly infringed and continue to infringe the '795 Patent, either literally or via the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, or offering for sale, the Accused EVs within the United States, in violation of 35 U.S.C. § 271(a).

48.    Upon information and belief, Defendants have made and are continuing to make unlawful gains and profits from their infringement of the '795 Patent.

49.    At least as early as the filing, Defendants have been on notice of and/or have had knowledge of the '795 Patent and their infringement thereof.  Accordingly, Defendants' infringement of the '795 Patent has been willful and deliberate at least since this date.

50.    Club Car has been damaged and irreparably harmed by Defendants' infringement of the '795 Patent and Club Car is entitled to relief under 35 U.S.C. § 154(d) and 35 U.S.C. § 284.  Club Car will continue to suffer damages and irreparable harm unless Defendants are permanently enjoined by this Court from continuing their infringement.

## COUNT II – INFRINGEMENT OF THE '096 PATENT

51.    Club Car incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully here.

52.    Club Car is the owner of the '096 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '096 Patent against infringers, and to collect damages for all relevant times.

53.    As evidenced by the claim chart attached hereto as Exhibit D, Defendants have directly infringed and continue to infringe the '096 Patent, either literally or via the doctrine of equivalents, by making, using, importing, supplying, distributing, selling, or offering for sale, the Teko EV Clamp within the United States, in violation of 35 U.S.C. § 271(a).

54.    Defendants likewise have induced infringement of the '096 Patent in violation of 35 U.S.C. § 271(b).  Specifically, Defendants actively encourage their customers (including but not limited to end users, dealers, and distributors) to directly infringe the '096 Patent by using the Teko EV Clamp within the United States via their sales of the Turbolite, Turbo, and Trophy Plus with the attachment bar which includes a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the Teko EV Clamp.  *See* Ex. D at D-1.

55.    Defendants specifically intended and have been aware (at least since the filing of this Complaint) that their customers' use of the Teko EV Clamp in connection with the Turbolite, Turbo, and Trophy Plus with the attachment bar would infringe the '096 Patent.

56.    Defendants likewise have contributed to the infringement of the '096 Patent in violation of 35 U.S.C. § 271(c).  Specifically, Defendants make, use, import, supply, distribute, sell, or offer for sale, the Teko EV Clamp for use with the Turbolite, Turbo, and Trophy Plus with the attachment bar which includes a cargo bed having a plurality of protrusions forming a clamping device engagement interface adapted to align with the Teko EV Clamp.  *See* Ex. D at D-1. These components form a material part of the inventions claimed in the '096 Patent.

57.     The Teko EV Clamp is specifically adapted for use in a manner that infringes the '096 Patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

58.     Upon information and belief, Defendants have made and are continuing to make unlawful gains and profits from their infringement of the '096 Patent.

59.     Upon information and belief, based on their monitoring of Club Car's patent portfolio, and at least as early as the filing of this complaint, Defendants have been on notice of and/or has had knowledge of the '096 Patent and their infringement thereof.   Accordingly, Defendants' infringement of the '096 Patent has been willful and deliberate at least since this date.

60.     Club Car has been damaged and irreparably harmed by Defendants' infringement of the '096 Patent and Club Car is entitled to relief under 35 U.S.C. § 154(d) and 35 U.S.C. § 284.   Club Car will continue to suffer damages and irreparable harm unless Defendants are permanently enjoined by this Court from continuing their infringement.

## ATTORNEYS' FEES

61.     Pursuant to 35 U.S.C. § 285, Club Car is entitled to and hereby demands its reasonable attorneys' fees in this case.

## JURY DEMAND

62.     Pursuant to Fed. R. Civ. P. 38, Club Car respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Club Car respectfully requests the Court issue citation for Defendants to appear and answer, and seeks the following additional relief:

13

A.    that Defendants be declared to have infringed, either directly or indirectly, one or more of the claims of the Asserted Patents under 35 U.S.C. § 271;

B.    that the making, using, offering to sell, and/or selling within the United States, and/or importation into the United States of the Accused Products will constitute an infringement of the Asserted Patents;

C.    that the Court issue a permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the Asserted Patents by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

D.    that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by Club Car as a result of Defendants' aforementioned infringements, that such monies and damages be awarded to Club Car, and that interest and costs be assessed against Defendants pursuant to 35 U.S.C. § 154(d) and 35 U.S.C. § 284;

E.    that the Court declare that Defendants' infringement was and is willful from the time it became aware of the infringing nature of their products and award treble damages for the period of such willful infringement of the Asserted Patents, pursuant to 35 U.S.C. § 284;

F.    that the Court declare this an exceptional case and order that Defendants pay to Club Car its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

G.    that the Court award such further and other relief to Club Car as the Court deems just, together with its costs and disbursements in this action.

14

Dated: June 30, 2026

Respectfully submitted,

/s/ *Eric H. Findlay*
Eric H. Findlay
Texas Bar No. 00789886
FINDLAY CRAFT P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Telephone: (903) 534-1100
Facsimile: (903) 534-1137
Email: efindlay@findlaycraft.com

Barry Herman
Maryland Federal Bar No. 26061
Julie C. Giardina
Maryland Federal Bar No. 21085
WOMBLE BOND DICKINSON (US) LLP
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5830
E-mail: Barry.Herman@wbd-us.com
E-Mail: Julie.Giardina@wbd-us.com

Christine H. Dupriest
Georgia Bar No. 474494
WOMBLE BOND DICKINSON (US) LLP
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 962-7538
E-Mail: Christine.Dupriest@wbd-us.com

Andrea Anderson
CO. Bar No.: 60006
WOMBLE BOND DICKINSON (US) LLP
1601 19th Street, Suite 1000
Denver, CO 80202
T: 720-719-1312
Email: Andie.Anderson@wbd-us.com

*Attorneys for Club Car, LLC*

15